DONNA G. MATIAS, Cal. Bar No. 154268
Email: DMatias@pacificlegal.org
CALEB R. TROTTER, Cal. Bar No. 305195
Email: CTrotter@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

*Attorneys for Plaintiffs Jacqueline Palmer, et al.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE PALMER, HEATHER LEWIS, and RODOLFO JARAVATA-HANSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROB BONTA, in his official capacity as Attorney General of California; KRISTINA LAWSON, in her official capacity as President of the Medical Board of California; and LORETTA MELBY, in her official capacity as Executive Officer of the California Board of Registered Nursing;<br><br>    Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Sarah Erny, who is not party to this case, holds a Doctorate in Nursing Practice (DNP), the highest advanced degree in nursing. On her website, she truthfully used the title "Dr.," while also identifying herself as a nurse practitioner. Because of that truthful disclosure, she was fined over $20,000 and subjected to administrative actions to revoke her nursing and nurse practitioner licenses in California. These actions were undertaken despite no allegation that a patient or potential patient believed Dr. Erny was a physician. Nor was there any allegation that an individual was harmed by her truthful use of the title "Dr." Because of these recent actions against Dr. Erny, Plaintiffs here fear that their truthful use of "Dr." would be similarly punished.

2. Defendants are California state officials charged with enforcing a law that criminalizes the truthful use of the title "Dr." by any healthcare professional who is not a licensed physician or surgeon. That means veterinarians, dentists, pharmacists, physical therapists, and nurse practitioners are subject to severe penalties if they truthfully refer to themselves as "doctor." This is true even where the doctor specifies the specific profession in which he or she has obtained his or her doctorate degree. The statute that mandates this regime goes far beyond patient protection and violates the First Amendment rights of doctors to truthfully describe themselves and their credentials.

3. California has appropriated a common title used by a variety of educated professionals and reserved it for legal use by only a select group of professionals—licensed physicians and surgeons. Plaintiffs here are all experienced and accomplished advanced nurse practitioners who have earned doctorate degrees. Nevertheless, they are vulnerable to criminal and administrative action by the state, just like Dr. Erny. Under the First Amendment to the United States Constitution, professionals may speak truthfully about their titles without the threat of fines, loss

///

of license, and other regulatory action to strip them of their livelihoods. This case seeks to vindicate those constitutional rights.

## JURISDICTION AND VENUE

4. This action arises under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C § 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred or will occur in this district.

## PARTIES

6. Jacqueline Palmer is a United States citizen and resident of Lancaster in Los Angeles County, California. She began her nursing career in 2003 as a Licensed Vocational Nurse (LVN). Dr. Palmer has earned a Bachelor's degree in nursing, two Master's degrees (Nursing Leadership and Family Nurse Practitioner), with a third Master's degree (Psychiatric Nurse Practitioner) expected in 2023. She earned a Doctorate in Nursing Practice in 2020.

7. Heather Lewis is a United States citizen and resident of Indian Wells in Riverside County, California. Dr. Lewis earned a Master of Science in Nursing Education (MSN-Ed) in 2014 and a Master of Science in Family Nursing Practice (MSN-FNP) in 2016. In March 2023, Dr. Lewis became a Doctor of Nursing Practice (DNP).

8. Rodolfo Jaravata-Hanson is a United States citizen and resident of Murrieta in Riverside County, California. He received his Bachelor of Science in Nursing (BSN) in 2017, when he began working as an Intensive Care and Emergency Department nurse. Dr. Jaravata-Hanson earned a Master of Science in Nursing, on the Family Nurse Practitioner track (MSN-FNP) in 2019. Since then, he

has worked as a nurse practitioner in neurosurgery and pre-anesthesia. Dr. Jaravata-Hanson graduated with his Doctor of Nursing Practice on May 23, 2023.

9. Defendant Rob Bonta is the Attorney General of the state of California. As Attorney General, he has primary responsibility for judicial enforcement of the state's laws, including the provision of Cal. Bus. & Prof. Code challenged in this lawsuit. Attorney General Bonta has authority to bring actions for violations of the Business & Professions Code before the state's regulatory boards, including the Board of Registered Nursing. The Attorney General has "direct supervision over every district attorney … in all matters pertaining to the duties of their [] offices." Cal. Const. Art. 5, § 13. Attorney General Bonta is sued in his official capacity.

10. Defendant Kristina Lawson is the President of the Medical Board of California, which is responsible for regulating and licensing the practice of medicine in California as well as investigating and enforcing violations of the Medical Practice Act, Cal. Bus. & Prof. Code §§ 2000 *et seq*. Ms. Lawson is sued in her official capacity.

11. Defendant Loretta Melby is the Executive Officer of the California Board of Registered Nursing, the state entity responsible for regulating and licensing the practice of nursing in California and for investigating and taking disciplinary actions against its licensees, pursuant to the Nursing Practice Act, Cal. Bus. & Prof. Code §§ 2700 *et seq*. Ms. Melby is sued in her official capacity.

**FACTUAL ALLEGATIONS**

**The Challenged Law and Its Enforcement**

12. Cal. Bus. & Prof. Code § 2054(a) provides, in relevant part: "Any person who uses in any sign, business card, or letterhead, or, in an advertisement, the words "doctor" or "physician," the letters or prefix "Dr.," the initials "M.D.," or any other terms or letters indicating or implying that he or she is a physician and surgeon ... without having at the time of so doing a valid, unrevoked, and

/ / /

unsuspended certificate as a physician and surgeon under this chapter, is guilty of a misdemeanor."

13. The Physician and Surgeon certification referred to in section 2054(a) and issued by the Medical Board states: "The Medical Board of California certifies that [NAME][,] a graduate of [MEDICAL SCHOOL][,] possesses the qualifications, education and training prescribed by law and is hereby granted a license as a Physician and Surgeon entitled to practice medicine in the state of California." These license certifications do not include the title "Dr." or the term "doctor" anywhere.

### The Case of Dr. Sarah Erny

14. In August 2019, an anonymous individual filed a complaint with the Medical Board that a nurse practitioner named Sarah Erny was using the title "Dr." with patients at her clinic and on her website. The complaint triggered an investigation by the Health Quality Investigation Unit, the investigative body of the Medical Board and part of the Department of Consumer Affairs' enforcement unit.

15. On August 25, 2022, Defendant Bonta filed an Accusation before the Board of Registered Nursing on behalf of Defendant Melby (as Complainant). The Accusation, which acknowledges that Dr. Erny holds a Doctorate in Nursing Practice, seeks to revoke or suspend Dr. Erny's Registered Nursing license and her Nurse Practitioner certificates, and to order her to pay the Nursing Board for "reasonable" costs of investigation and enforcement of the case. (Exh. 1). The Accusation is based, in part, on alleged violations of section 2054 for Dr. Erny's truthful use of "Dr." to describe herself.

16. On October 27, 2022, acting under the authority of Defendant Bonta, Dan Dow, District Attorney for San Luis Obispo County, filed a Complaint for Injunction, Civil Penalties[,] and Other Equitable Relief against Dr. Erny, alleging, in part, violation of section 2054. (Exh. 2, para. 8).

17. Dr. Erny entered into a stipulated agreement to resolve the DA's case. According to a Final Civil Judgment and Court Order According to Stipulation

(Order), (Exh. 3), Dr. Erny was ordered to promptly pay $19,750 in civil penalties. Among other demands, the Order also required Dr. Erny to immediately cease using the title "Dr.," even though she is a Doctor of Nursing Practice.

18. On January 4, 2023, the Medical Board issued a Citation for a violation of section 2054. The Citation ordered Dr. Erny to pay a $2,500 fine and to "immediately cease and desist the use of the initials 'Dr.'" (Exh. 4).

## Defendants' Actions Chill Plaintiffs' Speech

19. News of the actions against Dr. Erny appeared in the media, where Plaintiffs learned about them. As Doctors of Nursing Practice who have used, use, or intend to use the title "Dr." in their practice and on websites and social media, Plaintiffs fear that Defendants will take action against them similar to those taken against Dr. Erny.

20. At the family practice clinic where she serves primary care clientele, Dr. Palmer's colleagues, including physicians, have never expressed concerns that she is referred to as "Dr. Palmer, FNP." When she interacts with her patients at the clinic, she explains that she is a Nurse Practitioner and *not* a physician. Dr. Palmer's clinician's jacket has her name embroidered with "Dr. J. Palmer, FNP-C." She has signed her name using "Dr." and qualified with "FNP" on official clinic documents.

21. Dr. Palmer has never misrepresented to anyone, directly or indirectly, that she is a physician, nor have her patients or physician colleagues mistaken her for a physician.

22. Since learning about Defendants' actions against Dr. Erny, Dr. Palmer no longer signs her name with the title "Dr." She has hung up her clinician's jacket embroidered with "Dr. J. Palmer, FNP-C" on the front. She has asked others in the clinic not to refer to her as "Dr." and has refrained from referring to herself that way. Dr. Palmer fears that Defendants will open an enforcement action against her.

23. A recent DNP graduate, Heather Lewis intends to change her business cards, office name plate, and scrubs to accurately reflect her latest accomplishments,

specifically to read "Dr. Heather Lewis, FNP-C, DNP." On social media, Dr. Lewis truthfully describes herself as "Dr. Heather Lewis, FNP-C, DNP."

24. Since learning about Defendants' actions against Dr. Erny, Dr. Lewis now fears that Defendants may open an enforcement action against her.

25. Dr. Jaravata-Hanson is a newly minted DNP who intends to use the title "Dr.," qualified by "DNP," to truthfully describe his credentials on his work scrubs, business cards, and on his personal and professional websites. He intends to open his own clinic one day, and he wants to be able to assure patients and potential patients that he has pushed himself to achieve the highest educational qualifications possible for an advanced practice registered nurse.

26. Dr. Jaravata-Hanson has never misrepresented to anyone, directly or indirectly, that he is a physician, nor does he have any plans to do so.

27. Since learning about Defendants' actions against Dr. Erny, Dr. Jaravata-Hanson now fears that Defendants may open an enforcement action against him should he refer to himself as a "doctor" or use the title "Dr."

28. Plaintiffs have spent years earning their advanced degrees and qualifications and believe they should be able to speak truthfully about them in their workplaces, on their business cards, and on the internet and social media, so long as they clarify that they are nurse practitioners. However, in response to the news of Defendants' actions against Sarah Erny, they fear that Defendants will enforce section 2054 against them even if their use of the title "Dr." includes self-identification as a nurse practitioner.

## CAUSE OF ACTION

**Violation of Plaintiffs' First Amendment Right to Freedom of Speech**
**(42 U.S.C. § 1983)**

29. Plaintiffs reallege and incorporate all preceding paragraphs.

/ / /

/ / /

30. An actual and substantial controversy exists between Plaintiffs and Defendants. All Plaintiffs have the right to self-identify by using the title "Dr." and term "doctor" to truthfully describe their educational and professional credentials.

31. The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, protects the truthful, non-misleading speech that Plaintiffs have engaged in and would continue to engage in absent threat of enforcement by Defendants.

32. On its face and as enforced by Defendants, Cal. Bus. & Prof. Code § 2054 prohibits Plaintiffs from engaging in lawful communication to accurately describe their qualifications and accomplishments by using the title "Dr." or the term "doctor."

33. The application of section 2054 to Plaintiffs and other professionals who truthfully use the title "Dr." or the word "doctor" burdens their rights to free speech.

34. Section 2054 is both a content-based and a speaker-based restriction on Plaintiffs' freedom of speech because it identifies certain words ("Dr." and "doctor") and restricts who is allowed to use them.

35. Section 2054 is not appropriately tailored to serve a substantial government interest, much less a compelling one.

36. By prohibiting Plaintiffs from accurately describing their qualifications and accomplishments by using the title "Dr." and term "doctor", Defendants maintain and actively enforce a set of laws, practices, policies, and procedures under color of state law that deprive Plaintiffs of their right to free speech, in violation of the First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment and 42 U.S.C. § 1983.

37. Plaintiffs have no adequate remedy at law to compensate for the loss of this fundamental freedom and will suffer irreparable injury absent an injunction restraining Defendants' enforcement of the titling restriction found in section 2054.

38. Plaintiffs are therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement and maintenance of Defendants' unconstitutional application of section 2054.

## RELIEF SOUGHT

Wherefore, Plaintiffs respectfully request the Court enter judgment against Defendants as follows:

1. A declaration that Cal. Bus. & Prof. Code § 2054, on its face and as applied to Plaintiffs, violates the First and Fourteenth Amendments to the United States Constitution;

2. A permanent injunction restraining Defendants and Defendants' officers, agents, affiliates, servants, successors, employees, and all other persons in active concert or participation with Defendants from enforcing Cal. Bus. & Prof. Code § 2054 against Plaintiffs and all others for their truthful and accurate self-description using the title "Dr." or term "doctor";

3. Judgment for Plaintiffs and against Defendants for the deprivation of their rights;

4. An award of Plaintiffs' costs and attorneys' fees under 42 U.S.C. § 1988;

5. Any such further relief as the Court deems just and proper.

DATED: June 6, 2023.

Respectfully submitted,

DONNA G. MATIAS
CALEB R. TROTTER
Pacific Legal Foundation

By \_\_\_\_/s/ Donna G. Matias\_\_\_\_
      DONNA G. MATIAS

*Attorneys for Plaintiffs*